Green *v.* Kleinhans.

*W. Disborough,* for plaintiff.

*E. Wood,* for defendant.

---

GEORGE GREEN v. JACOB KLEINHANS, overseer of the highways.

An overseer of the highways, is a township officer, and can be chosen only by the annual township meeting, generally, and not by the persons residing in the particular district.

This was a certiorari directed to the Common Pleas of the county of Warren.

The following state of the case, was agreed upon by the counsel for the parties.

" George Green, the plaintiff in certiorari, appealed to the Inferior Court of Common Pleas, in and for the county of Warren, from the judgment of George R. King, esq. one of the justices of the peace in and for said county, rendered in a court for the trial of small causes before him, in a suit wherein the said George Green was defendant, and Jacob Kleinhans, who prosecuted as one of the overseers of the highways of the township of Oxford, in the county of Warren, was plaintiff, in a plea of debt, for a penalty under the 27th section of ' an act concerning roads.'

On the trial of the appeal, at the term of February, A. D., 1833, Jacob Kleinhans, the plaintiff below, proved that George Green, the defendant below, in June, 1832, obstructed the high way, in the state of demand mentioned, by filling up a ditch, which the said Kleinhans, acting as overseer of the highways, had cut for the purpose of draining the same. This highway was in the division of highways usually called the district of Belvidere.

The witnesses further said, that Jacob Kleinhans, was elected overseer of the highways, at the town meeting in April, 1832, in place of John Voorhees, who had been the overseer in that district for several years.

On the cross. examination, it appeared, that Kleinhans, was elected in the following manner. When the appointment of overseers of the highways was about to be made, the moderator asked, whether they should be chosen by the meeting generally, or by the several districts. It was put to vote, and determined by the majority of the town meeting, that the voters from each of the several districts or divisions of the highways, as they had heretofore been assigned by the township committee, and worked by the overseers, should severally appoint their own overseer. The voters of each division then assembled together, and voted each for their own overseer. Jacob Kleinhans, having received a majority of the votes of those present from the district or division usually called the .district of Belvidere, was declared to be duly elected for that district, and his name hand-

ed to the moderator, by him read out to the meeting, and recorded by the clerk in the minutes, as one of the overseers of the highways of the township; but no further vote was taken upon it.

The plaintiff below then rested, and the counsel for the defendant moved for a nonsuit, because it appeared that Kleinhans was not overseer of the highways, and therefore could not maintain this action. The motion was overruled by the court.

The defendant then called the moderator of the town meeting of 1832, and other witnesses, who confirmed the above statement.

The parties having rested, the court gave judgment in favor of the plaintiff, for ten dollars the penalty, with costs.

If the Supreme Court, on this state of facts, should be of the opinion that the Court of Common Pleas did right in refusing to grant a nonsuit, and in giving judgment for the plaintiff, then their judgment is to be affirmed with costs; if not, it is to be reversed."

*Maxwell*, for plaintiff in certiorari.

*Sherrerd*, contra.

The opinion of the court was delivered by

HORNBLOWER, C. J. The only question in this case is, whether Kleinhans, who was plaintiff below, was, at the time of commencing the action, an overseer of the highways of the township of Oxford, in the county of Warren. The action was brought by him, as such overseer, under the 27th section of the act concerning roads, *Rev. Laws* 615, to recover against the defendant, a penalty for obstructing the highway.

The defence set up on the trial below was, that Kleinhans had not been lawfully elected or appointed to that office. By the state of the case, it appears, that when the annual township meeting was about to appoint overseers of the highways, the moderator asked, whether they should be chosen by the meeting generally, or by the several districts; that is, by the persons residing within the several road districts as the same then existed. It was put to vote, and a majority of the meeting voted in favor of appointing in the manner last mentioned. Klein-

hans was then elected overseer, *for the district*, by a majority of the voters present, and residing in a certain district. This result was announced by the moderator, and the appointment recorded by the clerk, without any further vote being taken.

According to this statement of the facts, Kleinhans was not duly elected; the proceeding was irregular and unlawful. By the 12th section of the act incorporating townships, *Rev. Laws*, 342, it is enacted, that "the persons qualified to vote at town meetings, shall have full power and authority, at their respective annual meetings, to elect, *for such township*, by a majority of votes," among other officers, "so many overseers of the highways," &c. But the course pursued by the town meeting in this case, excluded all those persons who did not reside in a particular road district, from any particiption in the choice of the overseer; and instead of being elected by a majority of the votes of the persons present, "qualified to vote at town meetings," he was elected only by a majority of a certain portion of them, and that portion, it may be, a very small minority of the whole number.

If the road districts were designated by law, or otherwise permanently fixed, and the duties and liabilities of the overseer limited to such districts, there would seem to be some propriety in adopting the course pursued in this case: but an overseer of the highway is a township officer; he is elected, "for such township," and not for a particular road district. *The State* v. *Hageman*, 1 *Green*, 314. Besides, by the 14th section of the act concerning roads, the township committee may assign and appoint in writing, to the overseers of the highways, the several limits and divisions of the highways, which they are respectively to keep in repair. It may then happen, that an overseer elected in the manner in which it is admitted the plaintiff below was elected, may be assigned to another district, and thus be placed in office over and among that very portion of the inhabitants who were excluded from voting at his election.

The right of the plaintiff below, to maintain this action in his official character, (and he can maintain it in no other) cannot be supported upon the doctrine of officers *de facto*. 1 *South.*

Green *v.* Kleinhans.

*Rep.* 398.  Whatever benefit or protection the public, or third persons may derive from acts done by such an officer, the party himself, can acquire no rights in that character.

The Judgment must be reversed.